IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROSA L. COLEMAN,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　　)　Civil Action No. 15-622
　　　　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN, ACTING　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　　 )
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　)

O R D E R

AND NOW, this 29th day of September, 2016, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on November 4, 2015,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9) filed in the above-captioned matter on October 5, 2015,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.　Background**

On June 25, 2012, Plaintiff Rosa L. Coleman filed a claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and a claim for

Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Specifically, Plaintiff claimed that she became disabled on March 31, 2011, due to anxiety, depression, PTSD, mood disorder, fibromyalgia, muscle and spine disorder and chronic migraines. (R. 245).

After being denied initially on September 11, 2012, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on November 21, 2013. (R. 26-51). In a decision dated December 3, 2013, the ALJ denied Plaintiff's request for benefits. (R. 10-25). The Appeals Council declined to review the ALJ's decision on March 16, 2015. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir.

1995)). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a),

416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(e), 416.920(e), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since March 31, 2011. (R. 15). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had certain severe impairments, specifically, right lobe

4

lung airspace disease, status post pneumothorax, PTSD, panic disorder with agoraphobia, migraine headaches, marijuana abuse and depression. (R. 15). The ALJ further concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 16).

The ALJ next found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except she can only engage in incidental stooping, kneeling, crouching, crawling, balancing and climbing; she cannot be exposed to unprotected heights or dangerous machinery; she cannot be exposed to humidity, fumes, dust or airborne particulates; she is limited to simple, routine, repetitive tasks involving incidental independent judgment or discretion and change in work processes; and she cannot interact with the general public. (R. 17). At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work, and he moved on to Step Five. (R. 21). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as mail clerk, marker and sorter. (R. 21-22, 47-48). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 22).

## IV. Legal Analysis

Plaintiff raises several arguments as to why she believes that the ALJ erred in finding her to be not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Specifically, the Court finds that, in determining Plaintiff's RFC, the ALJ failed to address sufficiently certain medical opinion evidence in the record. Accordingly, the Court finds that substantial evidence does not support the ALJ's decision, and the Court will remand the case for further consideration.

More particularly, the Court finds that the ALJ erred in failing to discuss—or even to mention—the opinion of State agency non-examining psychologist Lisa Cannon, Psy.D., in formulating Plaintiff's RFC. Dr. Cannon, who reviewed the record in September, 2012, explained that her RFC partially reflected the opinion of consultative examiner Charles J. Kennedy, Ph.D. (R. 62). In his report, Dr. Kennedy had found Plaintiff to have marked limitations in her ability to interact appropriately with the public, supervisors and co-workers. (R. 855). While Dr. Cannon did not fully adopt Dr. Kennedy's findings, and while she expressly stated that certain aspects of Dr. Kennedy's opinion were not consistent with the other evidence in the record, Dr. Cannon did opine that Plaintiff had certain social interaction limitations, including marked limitations in her ability to interact with the general public and moderate limitations in her ability to accept instructions and respond appropriately to criticism from supervisors. (R. 61-62). The only social interaction limitation the ALJ included in Plaintiff's RFC, however, was a limitation that she cannot interact with the general public. (R. 17). Despite Dr. Cannon's opinion concerning Plaintiff's social interaction limitations with regard to supervisors, the ALJ neither included any such limitation in Plaintiff's RFC, nor did he provide any explanation as to why he declined to do so. In fact, as noted supra, the ALJ made no mention whatsoever of Dr. Cannon's opinion anywhere in his decision.

While it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations," the ALJ must give each opinion in the record appropriate weight based on a variety of factors, including whether the opinion is supported by medical signs and laboratory findings, and whether the opinion is consistent with the record as a whole. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2001); see 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). In the case at

bar, the ALJ did not address the opinion of Dr. Cannon in his decision even though Dr. Cannon's finding of moderate social interaction limitations with regard to supervisors is not consistent with the ALJ's RFC, which makes no mention of any such limitations. Thus, the ALJ's silence regarding Dr. Cannon's opinion—and his silence regarding limitations as to supervisor interaction in particular—does not allow the Court to determine whether the ALJ's decision to omit any such limitations from Plaintiff's RFC is supported by substantial evidence.

Accordingly, while an ALJ is by no means required to adopt straightaway all of the limitations found in various opinions in a record, an ALJ is required to provide an adequate explanation for the conclusion that they should be rejected. Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could be supported by the record. It is, instead, the need for further explanation that mandates the remand on this issue.[1]

## V. **Conclusion**

Therefore, when formulating Plaintiff's RFC, the ALJ erred in failing to address the opinion of Dr. Cannon, which specifically found moderate limitations in the ability to accept instructions and respond appropriately to criticism from supervisors. Accordingly, the Court finds that substantial evidence does not support the ALJ's decision. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

[1] Although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the opinions and medical evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are adequately explained, in order to eliminate the need for any future remand. In particular, the ALJ should review and cite to specific treatment notes in his discussion of Plaintiff's severe impairment of migraine headaches. (R. 19).